IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ISMAEL PEASE, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-00296 |
| STATE FARM LLOYDS | § § | COLLECTIVE ACTION |
| Defendant. | § § | |

## CLASS ACTION COMPLAINT

COMES NOW ISMAEL PEASE, ("PLAINTIFF"), on behalf of himself and all others similarly situated, by and through the undersigned attorneys, and brings this Class Action Complaint against Defendant State Farm Lloyds (hereinafter, "State Farm" or "Defendant"). Based upon personal knowledge with respect to his own acts, and upon information and belief as to all other matters, Plaintiff states as follows:

### NATURE OF THE ACTION

1.  This is a Texas unfair insurance practices case involving businessowners' liability insurance policies issued by State Farm.

2.  State Farm has improperly denied claims where such claims are based on injuries suffered by named insureds.

3.  Plaintiff, Ismael Pease, is but one of the victims of State Farm's improperly denied claims.

### PARTIES

4.  Plaintiff, Ismael Pease, is an individual, resident of New Mexico.

5. Defendant, State Farm Lloyds, is an unincorporated association of underwriters, who are all citizens of states other than Texas.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

7. Venue is proper in the judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**FACTUAL ALLEGATIONS**

8. State Farm issued businessowners liability policy number 93-EC-R110-3 (the "Policy") to Pease Law Office, PLLC on October 6, 2017. Pease Law Office, PLLC is a law firm located in Texas. Plaintiff is the owner of Pease Law Office, PLLC.

9. Ismael Pease was covered as a named insured under the Policy.

10. Ismael Pease suffered significant bodily injury a result of falling approximately 30 feet off of a ramp located on the insured premises on October 20, 2017.

11. Ismael Pease has received a significant amount of medical services to treat his bodily injury.

12. On May 21, 2019, Ismael Pease submitted a claim under the Policy to recover the medical expenses he has become legally obligated to pay as a result of his bodily injury. Such medical expenses are in excess of $100,000.00.

13. The Policy states in relevant part, "we [State Farm] will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury".

14. However, State Farm denied Ismael Pease's claim, stating that "nothing in a liability policy promises or hints at payment to the insured for his own injuries".

15. Ismael Pease is a named insured under the Policy. Ismael Pease's bodily injury was incurred at a time when the Policy was in force. Per the express terms of the Policy, expenses that an insured becomes legally obligated to pay as a result of bodily injury are covered. Ismael Pease has, in fact, incurred significant expenses he is legally obligated to pay as a result of his bodily injury.

16. There is no exclusion in the Policy which excludes claims arising out of bodily injury to an insured.

17. Even so, it is State Farm's practice to deny all claims that arise out of bodily injury suffered by an insured. Plaintiff and Class Members have suffered significant economic damages in excess of $100,000.00 as a result of State Farm's improper denial of such claims.

## CLASS ACTION ALLEGATIONS

18. This action is brought on behalf of Plaintiff, and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19. **The Class**.  Plaintiff, Ismael Pease, seeks to represent the following Class, on behalf of all Plaintiffs:

> All persons in Texas, who in between July 30, 2015 to July 30, 2019, (1) were named insureds in a businessowners liability policy issued by State Farm; (2) made a claim under the policy; and (3) were denied on the basis that claims arising out of an insured's own bodily injury are not covered under State Farm's policies. The class specifically excludes any person whose claim was made as an employee.

20. Plaintiff reserves the right to amend or modify the class description with greater specificity, by further division into subclasses or by limitation to particular issues.

21. Upon information and belief, the proposed class is composed of hundreds of

3

persons and joinder is impractical. The precise number and identity of Class Members are unknown to Plaintiff, but can be obtained from State Farm's records.

22. There are questions of law and fact common to members of the Class, which predominate over questions affecting only individual Class Members. In fact, the dispositive legal question is the same for all Class Members - whether State Farm's businessowners liability policy excludes coverage for damages suffered as a result of **bodily injury to an insured**.

23. Plaintiff, Ismael Pease, is a member of the Class and Plaintiff's claims are typical of the claims of the Class.

24. Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity. Plaintiff will fairly and adequately protect the interests of the Class and have no interests adverse to, or which conflict with the interests of, the other members of the Class.

25. The self-interests of Plaintiff are co-extensive with, and not antagonistic to, those of absent Class members. Plaintiff will undertake to represent and protect the interests of absent Class members.

26. Plaintiff has engaged the services of counsel indicated below who will adequately prosecute this action, and will assert and protect the rights of and otherwise represent Plaintiff and absent Class Members.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistency and varying adjudications, establishing incompatible standards of conduct for State Farm.

28. State Farm has acted on grounds generally applicable to the Class, thereby making relief with respect to the members of the Class as a whole appropriate.

29. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Prosecution of the complaint as a class action will provide redress for individual claims too small to support the expense of complex litigation and reduce the possibility of repetitious litigation.

30. Plaintiff does not anticipate any unusual or difficult management problems with the pursuit of this Complaint as a class action.

**COUNT I**
**VIOLATION OF TEXAS INSURANCE CODE**

31. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

32. Plaintiff and Class Members are persons as defined by Tex. Ins. Code § 541.002(2).

33. State Farm is a person as defined by Tex. Ins. Code § 541.002(2).

34. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured: a) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue. *See* Tex. Ins. Code § 541.060(1); and b) failing to pay a valid claim within sixty (60) days. *See* Tex. Ins. Code §§ 542.058, 542.060.

35. State Farm represented to Plaintiffs and Class Members that claims arising from injuries to a named insured are not covered under its businessowners liability policies.

36. However, claims arising from injuries to a named insured are not excluded from coverage under State Farm's businessowners liability policies.

37. State Farm's statements misrepresent a material fact and policy provision under its businessowners liability policies which relate to coverage at issue in Plaintiff's and Class Members' claims.

38. Therefore, State Farm engaged in unfair or deceptive acts in violation of Tex. Ins. Code § 541.060(1).

39. State Farm's unfair and deceptive act was a producing cause of Plaintiff's and Class Members' actual damages.

40. Plaintiff's claim was improperly denied. An insurer is liable under the Texas Insurance Code where the insurer wrongfully rejects a valid claim and fails to pay the claim within sixty (60) days. *See* Tex. Ins. Code §§ 542.058, 542.060. More than sixty (60) days have passed since Plaintiff submitted his claim and Defendant has yet to pay his claim.

41. State Farm rejected Plaintiffs' and Class Members' valid claims and failed to pay the claims within sixty (60) days.

42. Therefore, State Farm is liable for the amount of the claim, interest on the amount of the claims at the rate of eighteen (18) percent a year as damages, together with reasonable and necessary attorneys' fees.

## JURY DEMAND

43. Plaintiff and Class Members respectfully request a trial by jury.

## PRAYER

44. Plaintiff, on its own behalf and behalf of the Class, prays for relief as follows:

   1) An Order certifying the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

2) An Order appointing the undersigned as Class Counsel pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

3) An Order awarding Plaintiff and Class Members damages, including the full amount of all wrongfully denied claims and interest on the amount of the claims at a rate of eighteen (18) percent per year, in a sum to be determined at the time of trial;

4) An Order awarding Plaintiff and Class Members attorney fees, costs and expenses as authorized by applicable law;

5) An Order declaring the rights and obligations of Plaintiff and Class Members, on the one hand, and State Farm, on the other, with regard to coverage of claims arising from bodily injury to an insured; and

6) For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

VIELLEDENT & ASSOCIATES, PLLC

By: /s/ Ricardo E. Vielledent
   Ricardo E. Vielledent
   State Bar No. 24075223
   **VIELLEDENT & ASSOCIATES, PLLC**
   6006 N. Mesa, Suite 700
   El Paso, Texas 79912
   (915) 731-1853
   vielledentlaw@gmail.com
   Attorneys for Plaintiff ISMAEL PEASE

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, a true and correct copy of the foregoing document was mailed via certified mail, return receipt requested to State Farm Lloyd's Texas Registered Agent at the following address:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suit 620
Austin, Texas 78701-3218


/s/ Ricardo E. Vielledent