**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ISMAEL PEASE, Individually and** | § | |
| **on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.:** |
| | § | **3:19-CV-00296** |
| **v.** | § | |
| | § | |
| **STATE FARM TEXAS LLOYDS,** | § | **COLLECTIVE ACTION** |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO STAY DISCOVERY**
**PENDING RULING ON DEFENDANT'S MOTION TO DISMISS**

Defendant State Farm Lloyds respectfully requests the Court stay discovery and all other proceedings until the Court has the opportunity to rule on State's Farm's pending Motion to Dismiss. Recognizing the burdens and costs of discovery on both parties and courts, federal courts commonly stay discovery pending resolution of a dispositive motion that might significantly limit or, as in this case, entirely eliminate the need for discovery. Such a stay is warranted here.

## INTRODUCTION

1.      On November 5, 2019, State Farm Lloyds filed a Motion to Dismiss Complaint for Failure to State a Cause of Action pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 5, et seq.]. In it, State Farm argues that Plaintiff Ismael Pease is not entitled to relief under any of his legal theories, and his claims should be dismissed with prejudice.[1]

2.      Although the Court has not yet set an initial status conference or otherwise requested submission of a scheduling order from the parties, the Local Court Rules for the Western District of Texas would have the parties submit a proposed scheduling order 60 days after

---

[1]   The complete factual background as well as State Farm's legal theories in defense are articulated in State Farm's Motion to Dismiss, incorporated herein.

Defendant's appearance. [Local Rule CV-16]. However, State Farm respectfully requests the Court stay all discovery and further proceedings until after ruling on its Motion to Dismiss.

3.     Like all 12(b)(6) motions, no discovery is needed to resolve State Farm's Motion. It would be inefficient and potentially wasteful for the parties to spend the substantial time and resources needed to prepare initial disclosures, participate in Rule 26(f) and Rule 16 conferences, and engage in discovery before the Court resolves State Farm's Motion. This is particularly true because Plaintiff has filed a putative class action. The parties (and the Court) need not entertain the viability of a class claim where State Farm argues that Plaintiff himself has asserted no viable claim.[2]

4.     Respectfully, a stay of disclosures, the Rule 26(f) and Rule 16 conferences, and discovery pending resolution of State Farm's Motion will not prejudice any of the parties. A stay is fair, efficient, and economical.

## ARGUMENT

### A.     Applicable Standard for a Motion to Stay Discovery

5.     Federal Rule of Civil Procedure 26(d) allows a court to control the sequence and timing of discovery, and Rule 26(c) provides that "[t]he Court may, for good cause, issue an order to protect a party…from…undue burden or expense, including one…forbidding the disclosure or discovery."[3]

6.     A motion to stay discovery is an appropriate exercise of this Court's discretion.[4]

---

[2]    *See Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) ("If the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery. [However,] Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). State Farm argues here that Plaintiff's claim is not viable at all, and no amount of discovery will change the flaws in Plaintiff's pleadings.

[3]    FED. R. CIV. P. 26(d), (c)(1)(A).

[4]    *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[5]

7.    In fact, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[6] "[A] plaintiff's entitlement to discovery prior to a ruling on a [dispositive motion] is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by [the party] to withstand" the challenged issues.[7] Because nothing that Plaintiff could potentially learn through discovery will affect the resolution of State Farm's Motion to Dismiss, it is proper for the Court to defer discovery while deciding the Motion.[8]

**B.    Good Cause Exists to Stay Initial Disclosures, the Rule 26(f) and Rule 16 Conferences, and Discovery.**

**i.    State Farm's pending motion is meritorious and dispositive.**

8.    State Farm's pending Motion to Dismiss has "substantial grounds" and a firm "foundation in law." As explained in detail in State Farm's Motion to Dismiss and subsequent Reply [Dkt. 5, 8], the insuring agreement at issue does not provide first party coverage for Plaintiff's (the insured's) own injuries. If the Court grants State Farm's Motion, it will dispose of

---

[5]    *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

[6]    *Petrus v. Brown,* 833 F.2d 581, 583 (5th Cir. 1987) (stating that nothing the plaintiff could have learned through discovery could have affected the resolution of the defendant's 12(b)(6) motion, and thus, the Western District of Texas court properly deferred discovery until deciding the defendant's motion).

[7]    *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 436 (5th Cir. 1990), opinion modified on denial of reh'g (April 27, 1990).

[8]    *Id.* at 435 ("In their motions for protective orders, the defendants gave several reasons why this discovery was not needed prior to the resolution of the summary judgment motions which, if granted, would preclude the need for the discovery altogether. They correctly stated that no discovery was needed to resolve the motions to dismiss under F.R.Civ.P. 12(b)(6). Such motions are decided on the face of the complaint.")

all issues in the case and discovery will not be necessary.[9]

> ### ii.   Plaintiff will not be prejudiced from a stay.

9.      Even if the Court were to deny State Farm's Motion to Dismiss, Plaintiff would not be prejudiced by staying discovery at this point in time. The Court's ruling might narrow the issues in the case and thereby limit the subjects about which discovery would be needed. And while some time would have elapsed, that delay, without more, does not constitute prejudice in this context.[10]

> ### C.   A Stay until Determination of Defendant's Motion to Dismiss is Particularly Appropriate Here Given Plaintiff's Putative Class Claims.

10.     The inherent complexities in prosecuting Plaintiff's putative class claims magnify the inefficiencies in engaging in discovery prior to determination of State Farm's Motion to Dismiss. Other federal courts in Texas require the plaintiff to make an early showing that he is an adequate representative of the putative class. For example, the Northern District of Texas requires a putative class representative to identify "the discovery necessary for a class certification hearing and the estimated time necessary for such discovery."[11] Assuming that class certification is presumptively appropriate (a fact not conceded here), discovery is often broken down into phases – one set of discovery before formal class certification and another set of merits discovery if the motion for class certification is granted. This adds an additional layer of complexity to all cases with a class action component. Of course, if the Court grants State Farm's Motion to Dismiss, none of this will be necessary.[12]

---

[9]   *See Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004) ("Although the magistrate judge cannot predict the outcome of defendants' motion to dismiss, a cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims…Plaintiff has not shown that a temporary stay of discovery will substantially or unduly delay the litigation should his claims survive summary dismissal. Under these unique circumstances, a stay is warranted.")

[10]   *Landry*, 901 F.2d. at 435.

[11]   *See e.g.,* Local Rule 23.2 of the Northern District of Texas.

[12]   *See, e.g., Carlisle v. Normand*, No. CV 16-3767, 2018 WL 3474715, at *3 (E.D. La. July 19, 2018) ("But Plaintiffs have not established that discovery is needed to respond to those motions [to dismiss], and indeed, appear to be

## <u>CONCLUSION</u>

11.     Plaintiff filed his "Class Action Complaint" on October 11, 2019; Plaintiff served State Farm on October 15, 2019; and State Farm immediately responded to Plaintiff's Complaint with a Motion to Dismiss on November 5, 2019. There has been no delay in this lawsuit by State Farm, and there is no urgency to proceed with discovery now prior to the Court having time to rule on State Farm's Motion to Dismiss

12.     For the reasons stated herein, Defendant State Farm Lloyds respectfully requests the Court stay discovery and all other proceedings in this matter until the Court has the opportunity to rule on State's Farm's pending Motion to Dismiss.

---

ready to fully oppose. Importantly, the only discovery being conducted at this time, and the only discovery that could be stayed, is class certification discovery. Plaintiffs have not argued why class certification discovery should proceed pending resolution of the motion to dismiss, other than perhaps the implication that because Plaintiffs believe they will defeat the motions to dismiss, there is no reason to delay discovery. In light of the voluminous discovery that has been sought from both the Defendants and non-parties, the Court finds it serves judicial economy to delay further discovery pending resolution of the motions to dismiss.")

Respectfully Submitted,

/s/ *W. Neil Rambin*
W. NEIL RAMBIN
Texas Bar No. 16492800
rambindocket@dbr.com
SUSAN E. EGELAND
Texas Bar No. 24040854
Susan.Egeland@dbr.com
SHERMAN VANCE WITTIE
Texas Bar No. 21832980
Vance.Wittie@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, TX 75201-7367
Telephone:     (469) 357-2500
Facsimile:     (469) 327-0860

AND

/s/ *Laura Enriquez*
LAURA ENRIQUEZ
Texas Bar No. 00795790
enriquez@MGMSG.com
MOUNCE, GREEN, MYERS, SAFI, PAXSON &
GALATZAN, P.C.
100 N. Stanton, Suite 1000
EL PASO, TX 79901
Telephone:     (915) 532-2000
Facsimile:     (915) 541-1597

## **CERTIFICATE OF CONFERENCE**

On January 21, 2020, Susan Egeland for State Farm and Federico Vielledent for Plaintiff had a subsequent discussion via telephone regarding the relief requested by State Farm in this Motion. On January 23, 2020, Plaintiff's counsel sent an email stating that he would not oppose the Motion provided that State Farm agreed to a cut-off for the relief requested (for example, if the parties agreed to stay discovery for 60 days pending a ruling on Defendant's Motion to Dismiss). Plaintiff's counsel stated that he could not agree to stay discovery indefinitely. On January 29, 2020, counsel for State Farm responded to Plaintiff's counsel via email that limiting the requested relief to a finite period of time does not protect either party from unnecessary discovery or undue burden and expense should the Motion to Dismiss ultimately be granted, but outside the proscribed time period. For that reason, counsel for State Farm advised that it will ask the Court to stay discovery until such time as the Motion to Dismiss is decided. Therefore, this Motion is presented to the Court for consideration.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2020, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND