UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ISMAEL PEASE, *individually and on behalf of all others similarly situated,* | § § § | |
| *Plaintiff,* | § § | EP-19-CV-00296-DCG |
| v. | § § | |
| STATE FARM LLOYDS, | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

This case concerns disputes over coverage under a businessowners liability insurance policy. Presently before the Court is Defendant State Farm Lloyds ("State Farm") "Motion to Dismiss Complaint for Failure to State a Cause of Action" (ECF No. 5) (hereinafter, referred to as "Motion to Dismiss") filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Ismael Pease brought this lawsuit against State Farm,[1] asserting claims for violations of the Texas Insurance Code. In the instant motion, State Farm asks the Court to dismiss Pease's claims. For the reasons that follow, the Court grants the motion.

### I. BACKGROUND[2]

State Farm issued businessowners liability policy number 93-EC-R110-3 (the "Policy") to Pease Law Office, PLLC, located in El Paso, Texas; the Policy was in effect from October 6, 2017, to October 6, 2018.[3] Pease, who is the sole member of the law office, is an insured under

---

[1] State Farm points out, and Pease does not dispute, that it was improperly named as "State Farm Texas Lloyds" in Pease's Complaint (ECF No. 1).

[2] The Background section describes facts that are taken from Pease's pleading in this case and are assumed to be true for purposes of the instant motion. *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015).

[3] Compl. at ¶ 8, ECF No. 1.

the Policy, which provides: "If you are designated in the Declarations as[] [a] limited liability company, . . . [y]our 'members' are also insureds, but only with respect to the conduct of your business."[4]

The Policy's Coverage L provision, entitled "Business Liability," provides that State Farm "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies."[5] The Policy further provides: "Damages because of 'bodily injury' include damages claimed by any person . . . for care, loss of services or death resulting at any time from the 'bodily injury.'"[6]

On October 20, 2017, Pease fell "approximately 30 feet off of a ramp located on the insured premises," *i.e.*, the situs of Pease Law Office, PLLC, and as a result, he suffered bodily injury.[7] He received medical services from his medical providers to treat his injury.[8] The expenses for these services were in excess of $100,000.[9] In May 2019, Pease submitted a claim to State Farm for these expenses.[10] State Farm denied Pease's claim, stating that "'nothing in a liability policy promises or hints at payment to the insured for his own injuries.'"[11]

---

[4] *Id.* at ¶¶ 8–9; Mot. to Dismiss, Ex. A (the Policy) at 83 (pinpoint citations to the exhibit refer to the Electronic Case Filing (ECF) page numbers imprinted on the pages of the exhibit), ECF No. 5-1; *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (internal quotes omitted)).

[5] Mot. to Dismiss, Ex. A at 51.

[6] *Id.*

[7] Compl. at ¶ 10; Mot. to Dismiss at 2 n.1, ECF No. 5; *id.*, Ex. A at 4.

[8] Compl. at ¶ 11.

[9] *Id.* at ¶ 12.

[10] *Id.* at ¶¶ 12–13.

[11] *Id.* at ¶ 14 (Complaint quotes, but does not provide citations to the source thereof).

On October 11, 2019, Pease brought this lawsuit premised upon diversity jurisdiction.[12] *See* 28 U.S.C. § 1332. In his Complaint, Pease asserts two claims. First, he claims that State Farm engaged in unfair or deceptive acts in violation of Section 541.060[13] of the Texas Insurance Code by misrepresenting that his claim was not covered under the Policy.[14] Second, he claims that State Farm violated Section 542.058[15] of the Texas Insurance Code by wrongfully rejecting a valid claim and failing to pay the claim within sixty days.[16]

On November 5, 2019, State Farm filed the instant motion. The parties' briefing on the motion completed by December 2, 2019. *See* Pl.'s Resp. to Mot. to Dismiss, ECF No. 6; Def.'s Reply to Mot. to Dismiss, ECF No. 8; Pl.'s Sur-Reply to Mot. to Dismiss, ECF No. 10.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a court accepts well-pleaded facts as true and construes them in the light most

---

[12] In response to the Court's Order (ECF No. 13) issued after State Farm filed its motion to dismiss, Pease represents that he is a resident of New Mexico and is domiciled in Santa Teresa, New Mexico. Pl.'s Br. Regarding Subject Matter Jurisdiction & Standing at ¶ 1, ECF No. 15; Pease Aff. at ¶ 2 ("I am a New Mexico resident. My domicile is located at 112 Tuscan, Santa Teresa, New Mexico."), ECF No. 15-1. State Farm represents that it is an unincorporated association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer and that each of the underwriters who are members of State Farm Lloyds are citizens of Illinois. Def.'s Br. Regarding Subject Matter Jurisdiction at 1–2, ECF No. 16; Roper Aff. at ¶¶ 7–8, ECF No. 16-1.

[13] *See* Tex. Ins. Code § 541.60(a)(1) ("It is . . . an unfair or deceptive act . . . in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured," including "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue.").

[14] Compl. at ¶¶ 34–39.

[15] Tex. Ins. Code § 542.058(a) ("Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim . . . for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.").

[16] Compl. at ¶¶ 34, 40–42.

favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). A complaint will survive a motion to dismiss if its facts, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (*en banc*) (citation and internal quotation marks omitted). "In other words, we look to see whether [Pease's] pleadings, including [his] legal arguments, plausibly state a claim." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012)

## III. DISCUSSION

State Farm argues, and Pease does not dispute, that the viability of his claims under the Texas Insurance Code, Sections 541.060(a)(1) and 542.058(a), depends on whether there exists coverage under the Policy, specifically under Coverage L of the Policy, which is the sole basis for coverage claimed by Pease. Mot. to Dismiss at 4, 6. In his Complaint, Pease claims that his expenses for the medical services he received from the providers are covered under Coverage L. *See* Compl. ¶¶ 12–13. The Coverage L provision states in relevant part: "we [*i.e.*, State Farm] will pay those sums that the insured becomes *legally obligated to pay* as damages because of 'bodily injury' . . . to which this insurance applies." Mot. to Dismiss, Ex. A at 51 (emphasis added). The parties however dispute the meaning of that provision and the application thereof to the facts alleged in Pease's Complaint.

The Court is exercising its diversity jurisdiction; so, it applies Texas law to this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938); *Holt v. State Farm Fire & Cas. Co.* 627 F.3d 188, 191 (5th Cir. 2010). Texas courts "construe insurance policies according to the same rules of construction that apply to contracts generally." *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008). Courts give policy language "its ordinary and generally accepted meaning unless the policy shows that the words used are intended to impart a technical or different meaning." *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). "When construing an insurance policy, [Texas courts] are mindful of other courts' interpretations of policy language that is identical or very similar to the policy language at issue." *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015); *see also Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 876 F.3d 119, 128 (5th Cir. 2017) ("To determine the ordinary meaning of a term not defined in the contract, [Texas] courts . . . consider the term's usage in other authorities, such as prior court decisions.").

Specifically, Pease argues that he has become "legally obligated to pay" his medical providers for the medical expenses he incurred as a result of "his" bodily injury, and therefore, the expenses for the medical care services are covered under the Coverage L provision. *See, e.g.*, Pl.'s Resp. to Mot. to Dismiss at 2, 6. State Farm argues to the contrary. It contends, *inter alia*, that Pease's legal obligation to the medical providers does not arise because he harmed the providers in any way, but rather because he voluntarily purchased their services and thus, may be indebted to them. Mot. to Dismiss at 11. Consequently, State Farm adds, any obligation to the providers is the result of "contractual liability," not the "tort liability" that triggers coverage under the Policy's language. *Id.* State Farm relies on *Data Specialties, Inc. v. Transcon. Ins. Co.*, 125 F.3d 909 (5th Cir. 1997).

In *Data Specialties*, the Fifth Circuit, applying Texas law, interpreted an identical provision in a standard commercial general liability policy ("CGL"). *Data Specialties, Inc.*, 125 F.3d at 911. Sitting as an *Erie* court, the Fifth Circuit noted that "Texas courts seem to say that an insurer is obligated under a CGL or a standard liability policy when the insured's conduct is tortious in nature, a claim has been made against the insured for this tortious activity, and there has been an adjudication of the insured's liability." *Id.* at 912. It concluded that "a Texas court would rule that the CGL policy language 'legally obligated to pay as damages' applies only to tort-based obligations." *Id.* at 11. It therefore held that the provision "provides coverage only for damages which the insured is legally obligated to pay as a result of its [own] tortious conduct"—not any damages arising from "[a] breach of contract action." *Id.* 911, 913; *see also Action Ads, Inc. v. Great Am. Ins. Co.*, 685 P.2d 42, 43–44 (Wyo. 1984) ("Courts universally have interpreted liability-coverage provisions," identical to that found in State Farm's policy, "as referring to liability sounding in tort, not in contract."), *cited with approval in Data Specialties, Inc.*, 125 F.3d at 912.

Pease does not cite any intervening decision by the Texas Supreme Court that suggests that the Fifth Circuit's *Erie* guess in *Data Specialists* was wrong. *See Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 912 (5th Cir. 2019) ("*Erie* guesses are just that—guesses. Hopefully we get them right, but sometimes we get them wrong."); *LeFrere v. Quezada*, 582 F.3d 1260, 1262 (11th Cir. 2009) ("Because state supreme courts are the final arbiters of state law, when we write to a state law issue, we write in faint and disappearing ink, and once the state supreme court speaks the effect of anything we have written vanishes like the proverbial bat in daylight, only faster." (internal quotes omitted)). More recent court decisions continue to rely on *Data Specialists*. *See, e.g., Fed. Ins. Co. v. New Hampshire Ins. Co.*, 439 F. App'x 287, 290–91

-6-

(5th Cir. 2011) ("[I]t is well settled that the use of the phrase 'legally obligated to pay' in an insurance policy limits coverage to damages arising out of tortious acts and does not cover contractual obligations." (citing *Data Specialties, Inc.*, 125 F.3d at 911–12)); *Hartrick v. Great Am. Lloyds Ins. Co.*, 62 S.W.3d 270, 276 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Data Specialties* for the proposition that "purpose of CGL or standard liability policy is to provide compensation for adjudicated negligence liability"); *see also* 7A Couch on Insurance § 103:14 (3rd ed. 2019) ("While the phrase 'legal liability' includes liability assumed by contract, the phrase[] . . . 'legally obligated to pay as damages' do[es] not.").

Pease however argues that his obligation to pay the medical providers is "actually considered" a tort liability. Pl.'s Resp. to Mot. to Dismiss at 6. To get there, he points to the language used by Texas courts to describe what are tort obligations and implied in law contracts. *Id.*; Pl.'s Sur-Reply to Mot. to Dismiss at 5. "Tort obligations," the Texas Supreme Court has said, "are in general *obligations that are imposed by law*—apart from and independent of promises made and therefore apart from the manifested intention of the parties—to avoid injury to others." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). "Contracts implied in law, or more properly quasi or constructive contracts, are a class of *obligations which are imposed* or created *by law* without regard to the assent of the party bound, on the ground that they are dictated by reason and justice." *Ferrous Prod. Co. v. Gulf States Trading Co.*, 332 S.W.2d 310, 312 (Tex. 1960) (ellipses and internal quotes omitted). Seizing on the italicized phrases, Pease posits that a breach of an implied in law contract is a tort liability because an implied in law contract is an obligation imposed by law. Pl.'s Sur-Reply to Mot. to Dismiss at 5. He therefore contends that because his "medical expenses . . . arise from a breach of an *implied*

contract" to pay for those services, those expenses are a tort liability. *Id.*; *see also* Pl.'s Resp. to Mot. to Dismiss at 6. Pease cites no authority that establishes these propositions.

Drawing all reasonable inference from the allegations in his Complaint, the Court concludes that Pease's obligation to pay his medical providers sounds in contract, not in tort. As a fundamental matter, the Texas Supreme Court has said that implied in law contracts are "enforced by an action ex contractu." *Ferrous Prod. Co.*, 332 S.W.2d at 312 ("Such contracts rest on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another, and on the principle that whatsoever it is certain that a man ought to do, that the law supposes him to have promised to do.") (internal quotes omitted); *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 67 (Tex. 2008) (quoting *Ferrous Prod. Co.*, 332 S.W.2d at 312); *see also* Black Dictionary Law (11th ed. 2019) (defining "ex contractu" as "[a]rising from a contract"). More specifically, the Texas high court has held "as a matter of law" that "when [an insured] . . . receive[s healthcare] services, there [is] created an implied contract to pay for same, and he [is] liable therefor until he or someone else pa[ys] the bill." *Black v. Am. Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex. 1972) (citing, among others, *Republic Bankers Life Ins. Co. v. Anglin*, 433 S.W.2d 795 (Tex. Civ. App.—Texarkana 1968, no writ))). This liability to pay healthcare providers arises "under elementary principles of contract law." *Anglin*, 433 S.W.2d at 796.

Consequently, based on Pease's well-pleaded facts accepted as true and applying *Data Specialists*, the Court holds that Coverage L of the Policy, the only provision relied upon by Pease in his Complaint, *see* Compl. ¶¶ 13–15, does not provide coverage for his medical expenses. The Court concludes that Pease has failed to state a claim under the Texas Insurance

Code, Sections 541.060(a)(1) or 542.058(a), and his Complaint therefore must be dismissed.[17] *See Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) ("The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff.").

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant State Farm Lloyd's ("State Farm") "Motion to Dismiss Complaint for Failure to State a Cause of Action" (ECF No. 5) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff Ismael Pease's claims asserted against Defendant State Farm Lloyd in the above-captioned case are **DISMISSED**.

**IT IS FURTHER ORDERED** that all other motions, if pending, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk **SHALL CLOSE** this case after docketing final judgment, which will issue separately on this date.

So ORDERED and SIGNED this 25th day of February 2020.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[17] "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, the resolution of the parties' coverage dispute requires only a straightforward application of *Data Specialists* to the well-pleaded facts in Pease's Complaint. Granting *sua sponte* leave to amend is unnecessary.